IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00069–WJM–KMT

LYNN EUGENE SCOTT,

    Plaintiff,

v.

MARY CARLSON,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Defendant's "Motion to Dismiss Complaint" (Doc. No. 17 [Mot. Dismiss], filed April 29, 2013). Plaintiff filed his response on May 22, 2013. (Doc. No. 19 [Resp.].) Defendant did not file a reply.

    Also before the court is Plaintiff's "Motion to Amend Complait [sic] Pursuant to FRCP 15" (Doc. No. 21 (Mot. Amend), filed October 2, 2013).[1]

## STATEMENT OF THE CASE

    In his Complaint, Plaintiff, who had been an inmate in the Colorado Department of Corrections ("CDOC"), alleges Defendant Carlson, the head of time computation, was "grossly negligent, and or had reckless disregard, or was . . . deliberately indifferent to the constitutional

---

[1] Though Defendant has not filed a response to Plaintiff's motion to amend the complaint, the court may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

rights of the Plaintiff" by "allowing the plaintiff to be over detain[ed]." (*See* Doc. No. 5 at 2, 4.) Specifically, Plaintiff alleges his official release date was May 3, 2012, but he was not released from custody until June 13, 2012. (*Id.* at 2.) Plaintiff alleges the defendant violated his Fifth, Eighth, and Fourteenth Amendment rights. (*Id.* at 4, 5.) Plaintiff also asserts an unspecified "State Law Claim." (*Id.* at 6.)

Defendant moves to dismiss Plaintiff's case in its entirety. (*See* Mot. Dismiss.)

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## *2. Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

### 3.     *Motion to Amend Complaint*

Under Federal Rule of Civil Procedure 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to

cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ANALYSIS

### 1.  *Lack of Personal Participation*

Defendant argues that Plaintiff's claims against her should be dismissed for Plaintiff's failure to allege her personal participation in the alleged constitutional violations.  (Mot. Dismiss at 3–5.)

To prevail on a claim for damages for a constitutional violation under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under color of state law and caused or contributed to the alleged violation.  *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).  The plaintiff must show that the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.  *Id.*

Plaintiff fails to allege any facts to show how Defendant personally participated in any of the alleged constitutional violations set forth in the Complaint.  The Complaint is devoid of any facts showing that Defendant participated in the computation of Plaintiff's sentence, the determination of his release date, or any event resulting in his alleged over-detention.  Plaintiff merely identifies Defendant as the "Head of time Comp", asserts that she acted under color of state law at all times relevant to the Complaint and states that "Mary Carlson in and out of Her Personal Capacity as head of time Comp is being sued out of her Personal Capacity at all time of the allege claims."  (Doc. No. 5 at 2, ¶ 2.)

Because Plaintiff has failed to allege any facts to show that Defendant Carlson personally participated in the alleged constitutional violations upon which the Complaint is based, Plaintiff has failed to state a claim for relief against the defendant. Accordingly the claims against Defendant Carlson properly are dismissed.

*2.  Motion to Amend*

In his motion to amend his complaint, Plaintiff attempts to cure the deficiencies of his original complaint. Plaintiff asserts that Defendant Carlson violated his constitutional rights "because of the policy(s) or custom(s) that was set up by her, as head of time computation, and or the exercise of control or direction by virtue of the office of the Head of Time Computations or and her lack of supervision or and failure to train." (Mot. Amend at 2.)

Although state actors who participate in a violation in a supervisory role may incur liability, there is no concept of strict supervisory liability under § 1983. *Jenkins*, 81 F.3d at 994 (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991). It is therefore not enough for a plaintiff merely to show that a defendant was in charge of other state actors who actually committed the violation. *Id.* Rather, the plaintiff must establish "a deliberate, intentional act by the supervisor to violate constitutional rights." *Id.* (citing *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). This standard may be satisfied by showing that the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance. *Id.*

Plaintiff's proposed amendments do not cure the deficiencies in his original complaint. Again, Plaintiff merely alleges that the defendant is "head of time computation." (Mot. Amend

at 2.) Plaintiff makes only conclusory allegations that the defendant is liable for the alleged constitutional violations because she was in a position of authority. Plaintiff fails to allege "a deliberate, intentional act by [Defendant Carlson] to violate [his] constitutional rights" or that Defendant Carlson "personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Jenkins*, 81 F.3d at 994.

Because Plaintiff's proposed amendments would be subject to dismissal, his motion to amend his complaint properly is denied. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (Futility is an appropriate ground for denial of leave to amend under Rule 15.).

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendant's "Motion to Dismiss Complaint" (Doc. No. 17) be GRANTED, and that Plaintiff's claims be dismissed in their entirety, with prejudice. The court further

**RECOMMENDS** that Plaintiff's "Motion to Amend Complait [sic] Pursuant to FRCP 15" (Doc. No. 21) be **DENIED**.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of October, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge