**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0069-WJM-KMT

LYNN EUGENE SCOTT,

    Plaintiff,

v.

MARY CARLSON,

    Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION, ADOPTING THE OCTOBER 9, 2013 RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

---

Plaintiff Lynn Eugene Scott brings this case *pro se* against Defendant Mary Carlson, in her individual capacity, claiming violations of his Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  This matter is before the Court on the October 9, 2013 Recommendation by U.S. Magistrate Judge Kathleen M. Tafoya (ECF No. 23) (the "Recommendation") that Defendant's Motion to Dismiss (ECF No. 17) be granted, and Plaintiff's Motion to Amend Complaint (the "Motion to Amend") (ECF No. 21) be denied.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the reasons set forth below, the Recommendation is adopted in its entirely.

## I. BACKGROUND

Plaintiff is a former inmate at the Colorado Department of Corrections ("CDOC").  (ECF No. 5 at 4.)  Defendant is the head of time computation at the CDOC.  (*Id.* at 2.)

Plaintiff's operative Complaint was filed on February 1, 2013. (*Id.*) Plaintiff argues that, although he should have been released from the CDOC on May 2, 2013, he was not released until June 13, 2013. (*Id.* at 4.) Plaintiff also argues that he was incarcerated three and a half years longer than he was sentenced. (*Id.* at 5.) Plaintiff alleges that he was detained for an excessive period of time because Defendant was "grossly negligent, and or had reckless disregard, or was . . . deliberately indifferent to the constitutional rights of the Plaintiff[.]" (*Id.* at 4.) Plaintiff seeks various damages. (*Id.* at 8.)

On April 29, 2013, Defendant filed a Motion to Dismiss, arguing that Plaintiff failed to allege any facts showing that Defendant personally participated in any of the alleged constitutional violations set forth in the Complaint. (ECF No. 17.) Plaintiff responded on May 22, 2013. (ECF No. 19.) Defendant did not submit a Reply. The Court referred the Motion to Dismiss to Magistrate Judge Kathleen M. Tafoya for a report and recommendation. (ECF No. 18.)

On October 2, 2013, Plaintiff filed the Motion to Amend. (ECF No. 21.) Defendant did not submit a Response. The Court referred the Motion to Amend to Magistrate Judge Kathleen M. Tafoya for a report and recommendation. (ECF No. 22.)

On October 9, 2013, Magistrate Judge Tafoya issued her Recommendation that Defendant's Motion to Dismiss be granted, and Plaintiff's Motion to Amend be denied. (ECF No. 23.) On October 21, 2013, Plaintiff filed an Objection to the Recommendation (the "Objection"). (ECF No. 24.)

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

2

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Here, Defendant filed a timely objection to Magistrate Judge Tafoya's Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Therefore, this Court reviews the issues before it *de novo.*[1]

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Zinn-Hoshijo v. Comm. for Catholic Secondary Educ. in Colorado Springs*, 2012 WL 1582784, at *1 (D. Colo. May 7, 2012). Magistrate Judge Tafoya assumed the Motion to Amend was dispositive and therefore issued a Recommendation rather than resolve the Motion by Order.

well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

The Magistrate Judge recommends that: (1) Defendant's Motion to Dismiss be granted because Plaintiff has not alleged that Defendant personally participated in the alleged constitutional violations; and (2) Plaintiff's Motion to Amend be denied. (ECF No. 23.) Plaintiff objects to the Recommendation in its entirety, claiming that there is a question of fact as to whether Defendant personally participated in the alleged constitutional violations, and that he should be allowed to further amend the Complaint. (ECF No. 24.)

**A.     Lack of Personal Participation**

To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under color of state law and caused or contributed to the alleged violation. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991)). "The plaintiff must show the defendant personally participated in the alleged violation, and

conclusory allegations are not sufficient to state a constitutional violation." *Jenkins*, 81 F.3d at 994 (internal citation omitted).

Magistrate Judge Tafoya found that Plaintiff's conclusory allegations failed to allege any facts showing that Defendant personally participated in any of the alleged constitutional violations set forth in the Complaint. (ECF No. 23 at 5.)  The Court agrees.  As described in the Recommendation, the "Complaint is devoid of any facts showing that Defendant participated in the computation of Plaintiff's sentence, the determination of his release date, or any event resulting in his alleged over-detention." (*Id.*)  Since Plaintiff has failed to allege any facts showing that Defendant "personally participated" in the alleged constitutional violations upon which the Complaint is based, Plaintiff has failed to state a claim for relief against this Defendant.

Accordingly, Defendant's Objection to this portion of the Recommendation is OVERRULED, the Magistrate Judge's Recommendation that Defendant's Motion to Dismiss be granted is ACCEPTED, and Defendant's Motion to Dismiss is GRANTED.

**B.    MOTION TO AMEND**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court has discretion to grant a party leave to amend its pleadings.  Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  "In the absence of any apparent or declared reason – such as . . . futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

The Court reviews Plaintiff's new allegations to ensure the claims asserted against Defendant in the proposed amendments are not futile.  *See id.*  It is well settled

5

that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).

Here, Plaintiff seeks leave to amend the operative Complaint to include that it was the "policy(s) or custom(s) that [were] set up by [Defendant], as head of time computation, and or the exercise of control or direction by virtue of the office of the Head of Time Computations or and her lack of supervision or and failure to train . . ." that led to Plaintiff being over detained.  (ECF No. 21 at 2, 3.)  Plaintiff also seeks to incorporate an affidavit submitted in a lawsuit Plaintiff filed against the warden of CDOC. (ECF No. 24 at 5) (citing Affidavit of Mary Carlson, dated July 16, 2011 (the "Affidavit"), Civil Action No. 11-cv-00361-WJM.)  The Affidavit states that Defendant was "responsible for computing the parole eligibility dates, mandatory release dates and discharge dates for [CDOC] inmates."  (ECF No. 20-1 at ¶ 2 in Civil Action No. 11-CV-00361.)

Although a court is only to consider the pleadings, it may consider documents attached to a complaint when considering a motion to dismiss.  *Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1066-67 (D. Colo. 2009).  Here, the Affidavit was not attached to the Complaint or the Motion to Amend; Plaintiff merely referenced the Affidavit in his Objection. (ECF No. 24 at 5.)  However, since Plaintiff is proceeding *pro se*, the Court holds him to a less stringent standard and incorporates the Affidavit into the Motion to Amend.  See *Trackwell v. U.S.*, 472 F.3d 1242, 1243 (10th Cir. 2007).

The Court finds that Plaintiff's proposed amendments do not cure the

deficiencies in the Complaint.  It is not enough for Plaintiff to allege that Defendant was "Head of Time Computations of [CDOC]" (ECF No. 21 at 3), Plaintiff must establish "a deliberate, intentional act by [Defendant] to violate constitutional rights."  *Jenkins*, 81 F.3d at 995 (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992)).  Plaintiff has not done so here.  Neither the proposed amendments nor the Affidavit[2] show that Defendant personally directed or had actual knowledge of the alleged constitutional violations set out in the Complaint, which is required to state a claim for supervisor liability.  *See id.* ("A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance.").  Since the proposed amendments would not survive a motion to dismiss, the amendments are futile.  *See Bradley*, 379 F.3d at 901.

Accordingly, Plaintiff's Objection to this portion of the Recommendation is OVERRULED, the Magistrate Judge's Recommendation to deny the Motion to Amend is ACCEPTED, and Plaintiff's Motion to Amend is DENIED.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court ADOPTS the Recommendation (ECF No. 23);

2. Plaintiff's Objection (ECF No. 24) to the Magistrate Judge's October 9, 2013 Recommendation is OVERRULED;

---

[2] The Affidavit merely states that Defendant was "responsible for computing the parole eligibility dates, mandatory release dates and discharge dates for DOC inmates."  (ECF No. 20-1 at ¶ 2 in Civil Action No. 11-cv-00361.)  The Affidavit does not show that Defendant had any role other than computing dates.  (*Id.*)

3. Defendant's Motion to Dismiss (ECF No. 17) is GRANTED;

4. Plaintiff's Motion to Amend (ECF No. 21) is DENIED;

5. Plaintiff's Motion to Set Settlement Conference (ECF No. 26) is DENIED as MOOT because the Court has dismissed his case; and

6. The Clerk shall enter judgment and close the case. Each party shall bear his or her own costs.

Dated this 7th day of February, 2014.

BY THE COURT:

William J. Martínez
United States District Judge