**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0069-WJM-KMT

LYNN EUGENE SCOTT,

     Plaintiff,

v.

MARY CARLSON,

     Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

---

Plaintiff Lynn Eugene Scott brought this case *pro se* against Defendant Mary Carlson, in her individual capacity, claiming violations of his Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  (ECF No. 1.)  On February 7, 2014, the Court granted Defendant's Motion to Dismiss and entered judgment in favor of Defendant.  (ECF Nos. 28 & 29.)  Plaintiff has filed a Notice of Appeal.  (ECF No. 33.)

Before the Court is Plaintiff's "Motion for Relief Judgement Pursuant to FRCP 60" ("Motion").  (ECF No. 56.)  For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

Plaintiff brings the instant Motion pursuant to Federal Rule of Civil Procedure 60, which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration under Rule 60(b) may only be granted in exceptional circumstances. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1153 (10th Cir. 2007); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). As such, reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor is it a vehicle by which to present new arguments based upon law or facts that existed at the time of the original argument. *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the trial court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224,

2

1229 (10th Cir. 2007).

The Plaintiff is proceeding *pro se*, and the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  ANALYSIS

In the Motion, Plaintiff does not identify under which subsection of Rule 60(b) he is moving. (ECF No. 56.) In the interest of construing the Plaintiff's filings liberally, the Court has considered Plaintiff's arguments under each of the subsections and finds that Plaintiff has failed to show any entitlement to relief.

Plaintiff first argues that the Court erred in failing to order a *Martinez* report, which would have helped him prepare his complaint and allowed his claims to survive the Motion to Dismiss. (ECF No. 56 at 1-2 (citing *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).) A *Martinez* report is a tool that a district court can use to help evaluate whether a prisoner's complaint is frivolous for purposes of 28 U.S.C. § 1915(e)(2) or to otherwise cause prison officials to investigate a claim before an answer or responsive pleading is filed. *See, e.g., Dickinson v. N.M. Behavioral Health Inst.*, 335 F. App'x 729, 731 (10th Cir. 2009). The instant case was disposed of on Defendant's Motion to Dismiss for failure to state a claim upon which relief could be granted. (ECF No. 28.) Plaintiff has cited no cases requiring a district court to order a *Martinez* report under these circumstances. Plaintiff has also cited no cases in which a district court's failure

3

to order a *Martinez* report was found to be error.  As such, the Court finds that the lack of a *Martinez* report in this case is not a basis for reconsideration.

The Court dismissed Plaintiff's claims because he had failed to allege sufficient facts to show that the Defendant personally participated in any violation of his constitutional rights.  (ECF No. 28.)  Plaintiff now argues that this finding was error, and reiterates many of the arguments he originally raised in his opposition brief.  (*See* ECF No. 19.)  As previously stated, a Rule 60(b) motion is not a substitute for appeal or otherwise a proper vehicle to relitigate issues that were already decided.  *See Van Skiver*, 952 F.2d at 1243-44.  As such, the Court sees no reason to reconsider its prior ruling based on these arguments.

Plaintiff's Motion also appears to contain a series of new allegations brought on behalf of all prisoners who have had their mandatory release dates ("MRD") miscalculated.  (ECF No. 56 at 3-4.)  Plaintiff's Motion contains a jurisdiction and venue provision, and contains a "Statement of Claims for Relief" section that alleges three claims against Defendant.  (*Id*. at 7-8.)  The Motion also contains large sections that appear to be block quoted from various court opinions.  (*Id*. at 5-6.)  These aspects of the Motion are puzzling to the Court.  Plaintiff does not explain how the cases cited are relevant to the Motion or otherwise attempt to analyze and apply the lessons from those cases.  A Rule 60(b) motion is not the proper vehicle for Plaintiff to bring new claims against Defendant, or to attempt to convert this case into a class action.

In sum, the Court finds that Plaintiff has failed to satisfy any subsection of Rule 60(b), and therefore failed to meet his high burden of showing that he is entitled to relief

from judgment.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's "Motion for Relief Judgment Pursuant to FRCP 60" (ECF No. 56) is DENIED.

Dated this 5th day of August, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge