**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0069-WJM-KMT

LYNN EUGENE SCOTT,

    Plaintiff,

v.

MARY CARLSON,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

---

Plaintiff Lynn Eugene Scott brought this case *pro se* against Defendant Mary Carlson, in her individual capacity, claiming violations of his Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.  (ECF No. 1.)  On February 7, 2014, the Court granted Defendant's Motion to Dismiss and entered judgment in favor of Defendant.  (ECF Nos. 28, 29.)  The Tenth Circuit affirmed that judgment on appeal.  (ECF Nos. 62, 63.)

Plaintiff has now filed a motion for relief from judgment, claiming "mistake, inadvertence, surprise, or excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).  (ECF No. 64.)  Whether to grant a Rule 60(b) motion rests within this Court's discretion.  *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

The basis for Plaintiff's Rule 60(b)(1) motion is as follows.  He is a plaintiff in another lawsuit pending before the undersigned, which the Court will refer to as the

"*Hughes* Action."  (*See Scott v. Hughes et al.*, Case No. 14-cv-2570 (D. Colo., filed Sept. 16, 2014).)  The *Hughes* Action is an excessive force lawsuit against the City and County of Denver and certain of its police officers.  (*Id.*, ECF No. 7.)  United States Magistrate Judge Kathleen M. Tafoya was originally the magistrate judge assigned to the *Hughes* Action.  (*Id.*, ECF No. 9.)  In May 2015, however, Magistrate Judge Tafoya recused because "[a]n immediate family member of mine is a police officer employed by the City and County of Denver. . . .  While neither he nor I have any direct involvement in this case, out of an abundance of caution I hereby recuse myself from the civil action."  (*Id.*, ECF No. 23 at 1.)

Magistrate Judge Tafoya also happens to be the magistrate judge assigned to this case.  (ECF No. 13.)  This case is an lawsuit against a Colorado Department of Corrections employee that allegedly miscalculated the length of Plaintiff's prison sentence and thereby kept him in prison more than three years longer than his sentence required.  (ECF No. 5 at 2–5.)  Having learned of Magistrate Judge Tafoya's connection to the Denver Police Department in May 2015, Plaintiff asks, "how can [Magistrate Judge Tafoya] not recuse[] herself in the instant action also since it involves the Department of Corrections[,] a law enforcement agency of the state...?"  (ECF No. 65-1 at 1 (ellipsis in original).)  Plaintiff argues that Magistrate Judge Tafoya "should never preside over [matters dealing with law enforcement] . . . .  By not [recusing,] she denied the Plaintiff a fair and impartial hearing . . . ."  (*Id.* at 3.)

The Court disagrees.  Recusal is required only when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality."  *Bryce v.*

*Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  Having a Denver police officer as an immediate relative has no necessary or even likely relation to one's impartiality with respect to matters involving the Colorado Department of Corrections.

Moreover, Plaintiff has not demonstrated how the alleged bias actually or apparently affected the outcome of his case.  The undersigned reviewed *de novo* Magistrate Judge Tafoya's dispositive recommendations (*see* ECF No. 28) and then personally ruled on all of Plaintiff's substantive postjudgment motions (*see* ECF Nos. 48, 58).

For all these reasons, Plaintiff's Motion for Relief from Judgment (ECF No. 64) is DENIED.

Dated this 30th day of September, 2015.

BY THE COURT:

William J. Martinez
United States District Judge